

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 22, 1968

*overruled by
LA- -55*

Honorable John Lawhon
County Attorney
Denton County
Denton, Texas

Opinion No. M-297

Re: May a county attorney serve
as a college professor at a
state university under the
provisions of Sections 33
and 40 of Article XVI, Texas
Constitution, and related
statutes.

Dear Mr. Lawhon:

You have recently requested an opinion from this
office regarding the above stated matter, we quote from your
letter as follows:

## "QUESTION

"Can the County Attorney of Denton County
serve as professor for one class at a state
university?

## "BRIEF ON THE LAW

"A new case, Tilley v. Rogers, 405 S.W.2d
220, 224 (Tex.Civ.App. 1966, wr.ref.,n.r.e.),
directly answers this question. There is no
later case in point. The Tilley case construes
Art. 16, Sec. 40 of the Texas Constitution,
which article restricts a person from serving
in more than one civil office of emolument.

"The office of County Attorney is such a
civil office; 'however, a professorship is not
an office. A teacher or college professor is
not an office within the meaning of the consti-
tutional provisions of Art. 16, Sec. 40 of the
Constitution of the State of Texas. He is an
employee and the prohibition of the constitu-

Honorable John Lawhon, page 2 (M-297)

tional provision of Art. 16, Sec. 40 is inapplicable.' Tilley v. Rogers, supra, 405 S.W. 2d 220, 224 (Tex.Civ.App. 1966, wr.ref.,n.r.e.)

"CONCLUSION

"The answer to this question is that such County Attorney can legally serve as professor for a class at a state university."

Section 40 of Article XVI, Vernon's Texas Constitution, is quoted in part as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument. . . ." (Emphasis added.)

We have reviewed the case of Tilley v. Rogers, 405 S.W.2d 220 (Tex.Civ.App. 1966, err.ref.n.r.e.), and agree with your analysis of that case. You are also referred to Attorney General Opinion V-689 (1948) which makes it clear that it has long been the position of the Attorney General that a college professor does not hold "a civil office of emolument." The court in the Tilley case, supra, was concerned only with the holding of more than one "office" under Section 40 of Article XVI.

However, your question also necessitates an analysis of Section 33 of Article XVI, Vernon's Texas Constitution, which is quoted, in part, as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust, or profit under this State, except as prescribed in this Constitution. . . ."

Without question, a county attorney holds an "office of honor, trust or profit under this State." Article 329 et seq., Vernon's Civil Statutes; Attorney General Opinion No. O-3199 (1941).

Likewise, this office has held many times previously that a college professor of a state college holds a position of honor, trust, or profit under this State. In Attorney General Opinions Nos. C-527 (1965) and C-528 (1965), it was held that there was no material legal distinction between "office of honor or trust" or "position of honor or trust." However, there is a material distinction between "office of profit" and "position of profit." While the former term means that the holder exercises sovereign governmental functions, the latter term differs in that its duties are not necessarily so characterized and embraces both officers and employees. A teacher holds a "position" of profit. 33 Words and Phrases 53, 55, "Position", and 1968 Pocket Part, pp 9-11, and cases there cited. See Attorney General Opinion V-689 (1948), and the many prior opinions cited therein, that a school teacher falls within the prohibited term, "position of honor, trust, or profit."

Therefore, a county attorney who is also teaching at a state supported college would be holding two positions of honor, trust or profit and thus is subject to the constitutional provisions of Section 33, Article XVI.

Consequently, the State Comptroller would be prohibited in paying the salary or compensation of an individual who is presently a county attorney and also a professor at a state college or university. However, the County Attorney is not prohibited from serving as a professor in the state college without compensation, and he may also draw compensation out of funds, the sources of which are not from the State Treasury requiring the accounting officers of this State to draw or pay a warrant. See Attorney General Opinion Numbers V-689 (1948) and also see C-547 (1965).

The people, during 1967, saw fit to amend Section 33 of Article XVI so as to provide that a non-elective state officer or employee may hold other positions of honor, trust or profit under this State or the United States under certain specified conditions, but elected officers or position holders are still subject to the prohibitions discussed herein. See Attorney General Opinion No. M-193 (1968).

## S U M M A R Y

A college professor at a state university is not a civil office of emolument under Section 40 of Article XVI, Constitution of Texas. Tilley v. Rogers, 405 S.W.2d 220 (Tex.Civ.App. 1966, err. ref.n.r.e.) and the County Attorney may serve as a college professor of a state college, but without compensation from the State Treasury.

The State Comptroller is prohibited by Section 33 of Article XVI, Vernon's Texas Constitution, from paying the salary or compensation of a college professor who is also a county attorney.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Bill Corbusier
Pat Bailey
Arthur Sandlin
Robert Flowers

A. J. CARUBBI, JR.
Executive Assistant